**Ettinger et al. v. Grossman et al.**

*H. Lester Haws*, for plaintiffs.

*Seymour L. Green*, for defendants.

FORREST, J., June 30, 1954.—This case is before us on preliminary objections to a complaint in equity. The complaint alleges in separate paragraphs numbered as indicated hereinafter, that plaintiff, Harry Mongin, owns premises 41 W. Lancaster Avenue, Ardmore, in this county, under deed dated April 19, 1938, recorded in deed book 1257, page 36; that plaintiffs Harry Ettinger and his wife own premises 43 and 45 W. Lancaster Avenue, Ardmore, under deed recorded in deed book 2334, page 529; that defendants own premises 47 W. Lancaster Avenue, Ardmore, under deed dated June 4, 1953, recorded in deed book 2377, page 139; (3) that the conveyances to plaintiffs and to their predecessors in title contain the following express grants: "Together with free and common use, right, liberty and privilege of a certain 10 feet wide roadway laid out partly over premises of Henry J. Norton et al., and of the said John E. Caruso, running Northeastwardly from the said side of said Turnpike Road 125 feet and connecting at that point with a 20 feet wide roadway running Northwestwardly parallel to said Turnpike Road laid out over the premises adjoining and on the premises hereby conveyed." (4) that the 20-feet wide roadway runs across the rear building line of premises owned by plaintiffs, and is permanent, macadamized and openly apparent; (5) that by express grant from the common owner to the predecessors in title of plaintiffs, plaintiffs have enjoyed the free and common and uninterrupted use of the 20-feet wide roadway; (6) that defendants or their predecessors in title constructed a building on the portion of the 20-feet wide roadway extending across their premises; (7) that defendants, in continuing to use the 20-feet

wide roadway as a means of ingress and egress, have violated the right of plaintiffs in using the section of the roadway located on plaintiffs' premises as a parking and storage place for automobiles and trucks, paper, boxes and debris and in using that section of the roadway for loading and unloading; (8) that defendants' "use of the roadway as aforesaid" is "improper and illegal," and (9) that as a result of defendants' conduct as aforesaid, plaintiffs are being deprived of their lawful use of the roadway and are suffering irremediable damage.

Defendants have filed nine objections attacking paragraphs 3 to 9, inclusive, of the complaint on the ground that they are insufficiently specific. These objections will now be considered.

1. Defendants object to plaintiffs' references in paragraph 3 of the complaint to certain conveyances to plaintiffs' predecessors in title without identifying the specific conveyances and predecessors in title. Such information undoubtedly can be found in the office of the recorder of deeds and if the record of any such conveyances is material to plaintiffs' claim, we think such record or records should be specifically identified. This view is supported by Pa. R. C. P. 1019(h), which provides that:

". . . a pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof."

It appears that plaintiffs' suit is based upon the theory that a right exists under express grant from a common owner and defendants are entitled to have the deed identified, as well as the express grant, by deed book and page, if the grant was recorded. In the present state of the pleadings it is not at all clear whether the alleged 20-feet wide roadway is a private right of way or a public right of way or thoroughfare. Accord-

ing to plaintiffs' own allegations, there is no reason why defendants should be deprived of the use of this roadway for parking, loading and unloading.

2. Defendants further contend that plaintiffs should be required to aver in paragraph 4 of the complaint exactly where, when and by whom the rear building line of the premises owned by plaintiffs was established. This is not an action to compel the tearing down or removal of a building and the materiality of the averments pertaining to the building line is not apparent. Therefore, no useful purpose would be served by compelling plaintiffs to be more specific in this respect. Defendants may ignore unnecessary details as surplusage: Reed v. Farmers' National Bank of Watsontown, Pa., 23 Northumb. 21, 37 (1950); Whalen v. Whalen, 46 Schuyl. 103 (1950).

3. Defendants' third objection is that plaintiffs have failed to name the common grantor. What has been said pertaining to the first objection is equally applicable here, and the objection should be sustained.

4. Defendants urge that plaintiffs should be required to amend paragraph 6 of the complaint so as to allege by whom and when the building was erected.

"The purpose of pleadings is to define the issues and put defendant on notice of what he will be called upon to meet at the trial of the cause": Taraborelli et al., etc., v. Don Peters, Inc., et al., 80 D. & C. 480, 484 (1951).

As has already been stated, plaintiffs have not demanded that the building or any part thereof be torn down or removed. Thus any averment pertaining to erection of the building appears to be immaterial.

5. Objection is also made to plaintiffs' failure in paragraph 6 of the complaint to aver how the easement over defendants' premises was created. For reasons set forth in the discussion of the first objection, this objection must also be sustained.

6. Paragraph 7 and other paragraphs of the complaint make mention of a 20-feet wide roadway. It is unclear whether this is a public or a private roadway. It may be that plaintiffs contend that they and defendants have equal rights to the use of the roadway. If the roadway is public, then of course defendants have rights to park, load and unload vehicles which rise as high as the rights of plaintiffs, but they have no right to use the way for storage of paper, boxes and debris. If the roadway is private, the rights and duties of plaintiffs and defendants inter se might or might not be the same as in the case of a public roadway. Clarification of the averments of paragraph 7 of the complaint is essential. Accordingly, this objection should be sustained. Plaintiffs should not be obliged, however, to aver any rights which defendants may care to assert. Defendants are at liberty to do so in their own answer.

7. In paragraph 8 of the complaint, plaintiffs allege that defendants are making "improper and illegal" use of the roadway. Pa. R. C. P. 1019 (a) prescribes that the material facts on which a cause of action or defense is based shall be stated in a concise and summary form. The allegation here considered is a pure conclusion of law.

"In the interest of giving the rule a liberal construction 'to further the speedy and inexpensive administration of justice', a pleading should not be held defective merely because in addition to the statement of the material facts a pleader has set forth . . . conclusions of law": Anderson, Pennsylvania Civil Practice, vol. 2, page 364.

The conclusion will be regarded as surplusage: Bullen v. Neuweiler, 73 D. & C. 207; Brink v James Arthur Ashe Post, VFW, 75 D. & C. 496, 497 (1949). However, where for other reasons a pleading must be amended so that there will be a delay in any event, a

requirement that averments of legal conclusions be eliminated will harm no one and may help to clarify the issues. This paragraph of the complaint should be amended.

8. What has been stated in the immediately preceding paragraph applies with equal force to the objection to the ninth paragraph of the complaint which alleges that plaintiffs have been deprived of their "full, uninterrupted and proper use" of the roadway to which they are lawfully entitled. The objection should be sustained.

9. The objection to paragraph 9 of the complaint should be sustained, not for the reason assigned, but because the entire paragraph is a conclusion of law.

10. Finally, defendants submit that there were different easements affecting the various parcels of land which are involved in this case. This contention may not be made at this time or in this manner. Preliminary objections other than those in the nature of a demurrer should be directed to procedural defects in the prior proceedings, and may not ordinarily pertain to matters outside of the record in the case. This particular objection is not permissible under Pa. R. C. P. 1017 which limits the scope of preliminary objections to a petition raising a question of jurisdiction, a motion to strike off a pleading, a motion for a more specific pleading, a demurrer and a petition raising the defense of lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action. Affirmative defenses should be raised in new matter in an answer on the merits, not in preliminary objections.

### Order

And now, June 30, 1954, defendants' preliminary objections nos. 1, 3, 5, 6, 7, 8 and 9 are sustained; preliminary objections nos. 2 and 10 are overruled. Plain-

tiffs are allowed 20 days from this date to file an amended complaint in conformity with the foregoing opinion and this order.